```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
  TOINY LLC,

                    Plaintiff,                    **MEMORANDUM & ORDER**

       - against -                                15-cv-7014 (KAM)(SJB)

  HORACE LINDSAY and JOHN DOES 1
  through 12,

                    Defendants.
-----------------------------------X
```

**MATSUMOTO, United States District Judge**:

Plaintiff Toiny LLC ("plaintiff" or "Toiny") commenced the instant action against defendants Horace Lindsay ("Lindsay") and John Does 1 through 12 (the "John Doe defendants") (collectively, "defendants") pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1301 *et seq.*, to foreclose a mortgage encumbering the property located at 200 Eldert Street, Brooklyn, New York. (ECF No. 1, Compl.) Toiny moved for default judgment on April 12, 2016, (ECF No. 9, Mot. for Default J.), which the court granted in part and denied in part, (*see* ECF No. 11, Order, at 1). The court gave plaintiff leave to renew its request for a judgment of foreclosure and damages. (*Id.* at 13-14.) Toiny filed a supplemental motion, (ECF No. 17, Supp. Mot.), which the court subsequently referred to Magistrate Judge Bulsara for a report and recommendation ("R&R"). Judge Bulsara issued an R&R on February 13, 2019,

recommending the court deny Toiny's supplemental motion without prejudice for, among other reasons, failure to prove to a reasonable certainty its entitled damages. (*See* ECF No. 18, R&R at 2, 5, 7, 9-10.)

**BACKGROUND**

The court assumes familiarity with the facts of the instant action as set forth thoroughly in Magistrate Judge Bulsara's R&R, (*see* R&R at 2), and this court's Memorandum and Order deciding plaintiff's motion for default judgment, (*see* Order, at 2-5).

The R&R notified plaintiff of its right to file written objections, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). (R&R at 10-11.) The statutory period for filing objections has now expired, and no objections to Judge Bulsara's R&R have been filed.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted)).

Upon a review of the R&R, and considering that plaintiff has failed to object to any of Judge Bulsara's thorough and well-reasoned recommendations, the court finds no clear error in the R&R and hereby affirms and adopts the R&R in its entirety as the opinion of the court.

Accordingly, plaintiff's supplemental motion is denied without prejudice to renewal.  Once again, plaintiff may renew its requests for entry of a judgment of foreclosure and sale and for damages on or before April 5, 2019, by submitting: (1) briefing and supporting documentation regarding its requested damages; (2) a revised proposed Judgement of Foreclosure and Sale consistent with this order, including space for the court to insert the amount of interest as appropriate on the date judgment is entered and to designate the referee; and (3) an affidavit or declaration informing the court how plaintiff intends to proceed with respect to the John Doe defendants, as well as the status of any tenant(s) currently occupying the premises, including whether plaintiff has served the tenant(s). Any defendant who wishes to oppose plaintiff's submissions may do so within fourteen (14) days of April 5, 2019, or by April 19, 2019.  Plaintiff shall serve a copy of this Memorandum & Order on all defendants.

Finally, plaintiff would do well to heed the thorough analysis and discussion in Judge Bulsara's R&R identifying the

3

flaws in its supplemental motion before moving once more in this case. Failure to submit a satisfactory proof of its alleged damages by April 5, 2019, may result in the court denying an award of damages.

**SO ORDERED.**

Dated:   March 21, 2019
         Brooklyn, New York

                                        /s/
                              **KIYO A. MATSUMOTO**
                              United States District Judge